Gregory L. Diskant
Sarah E. Zgliniec
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone 212-336-2000
Facsimile 212-336-2222

*Attorneys for Defendants*

**09 CIV    7060**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FRANK ORENSTEIN,                                    :

               Plaintiff,                    :

            v.                                 :     Civil Action No.

REID M. FIGEL, ESQ. and KELLOGG, HUBER,   :
HANSEN, TODD, EVANS, and FIGEL, P.L.L.C.,

                 :     **DEFENDANTS' NOTICE OF**
            Defendants.                 **REMOVAL**

                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF NEW YORK

           PLEASE TAKE NOTICE that defendants Reid M. Figel and Kellogg, Huber,

Hansen, Todd, Evans, and Figel, P.L.L.C. ("Kellogg Huber") hereby remove this action pursuant

to 28 U.S.C. §§ 1441 and 1446 from the Supreme Court of the State of New York, County of

New York to the United States District Court for the Southern District of New York. The

grounds for removal are set forth below.

1.      This action was commenced on July 15, 2009 by the filing of a Summons and Complaint in the Supreme Court of the State of New York, County of New York. Defendants were served on or about July 19, 2009.  A copy of the Summons and Complaint is attached hereto as Exhibit A.

2.      This Notice of Removal is timely because it is filed within thirty days of service on the defendants. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

3.      This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332. This action is one that may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1441(a) and 28 U.S.C. § 1441(b), in that it is a civil action other than one specified in 28 U.S.C. § 1445, brought in the Supreme Court of the State of New York, County of New York, wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

4.      On information and belief, plaintiff Frank Orenstein is an individual with a place of business at 275 Madison Ave, 14th Fl., New York, NY 10016.  While defendants do not definitely know plaintiff's state of residency or citizenship, they have a good faith belief that plaintiff is not a citizen of any state in which a defendant resides.

5.      Defendant Reid M. Figel is an individual and a citizen of the District of Columbia, residing at 400 8th Street N.W., # 803, Washington, D.C. 20004.

6.      Defendant Kellogg Huber is a professional limited liability company registered in the District of Columbia with its principal place of business at Sumner Square, 1615 M Street, N.W., Suite 400, Washington, D.C. 20036.

2

7.    All of the partners of Kellogg Huber are citizens of either the District of Columbia, the Commonwealth of Virginia, the State of Maryland, or the State of New Hampshire. None of the partners of Kellogg Huber are citizens of the State of New York.

8.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously filed with the clerk of Supreme Court of the State of New York, County of New York and served upon plaintiff.

WHEREFORE, defendants remove this action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York.

Dated:  August 10, 2009

Respectfully submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

By:  _Sarah E Zgliniec_
Gregory L. Diskant
Sarah E. Zgliniec
1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000

*Attorneys for Defendants*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
FRANK ORENSTEIN,                                          :    Index No.: _____ /09
                                                         :    Date Purchased: ____ / ___  09 09991
                                  Plaintiff,
                                                         :
        - against -                                      :    **SUMMONS**

REID M. FIGEL, ESQ. and KELLOGG, HUBER,  :    Plaintiff designates New York
HANSEN, TODD, EVANS & FIGEL, P.L.L.C.,       :    County as the place for trial.
                                                         :    The basis of the venue
                                  Defendant.                designated is the location of
                                                            the plaintiff's place of
                                                            business.

                          **FILED**

                         **JUL 1 5 2009**                   Plaintiff's Address:
                                                            275 Madison Avenue
                     COUNTY CLERK'S OFFICE                   New York, New York 10016
                           NEW YORK
-------------------------------------------------------------------X
To the above named Defendant:

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve

a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance on the plaintiff's attorneys within twenty (20) days after service of this summons,

exclusive of the day of service (or within thirty (30) days after the service is complete if this

summons is not personally delivered to you within the State of New York); and in case of your

failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the complaint.

Dated: New York, New York
       July 14, 2009

                              GOLDBERG WEPRIN
                              FINKEL GOLDSTEIN LLP


                         By: _____
                              MATTHEW HEARLE
                              Attorneys for Plaintiff
                              1501 Broadway, 22nd floor
                              New York, New York 10038
                              (212) 221-5700

Defendants Address:

>    REID M. FIGEL, ESQ.
>    Sumner Square
>    1615 M. Street, N.W., Suite 400
>    Washington, D.C. 20036
>
>    KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
>    Sumner Square
>    1615 M. Street, N.W., Suite 400
>    Washington, D.C. 20036

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
FRANK ORENSTEIN,                                    :    Index No.:_____/09
                                                    :
                              Plaintiff,            :    **COMPLAINT**
            - against -                             :
                                                    :
REID M. FIGEL, ESQ. and KELLOGG, HUBER,             :
HANSEN, TODD, EVANS & FIGEL, P.L.L.C.,              :
                                                    :
                              Defendant.            :
------------------------------------------------------------X

        Plaintiff Frank Orenstein, by and through his attorneys Goldberg Weprin Finkel Goldstein LLP, as and for his complaint against defendants Reid M. Figel, and Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., respectfully alleges as follows:

        1.    Plaintiff, Frank Orenstein ("Plaintiff"), is an individual with a business address at 275 Madison Avenue, 14th Floor, New York, New York 10016.

        2.    Upon information and belief, defendant Reid M. Figel ("Figel") with a business address known as and located at Sumner Square, 1615 M. Street, N.W., Suite 400, Washington D.C.

        3.    Upon information and belief, defendant Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C. ("Kellogg Huber") is a professional limited liability company operating as a law firm with a principal placed of business located at Sumner Square, 1615 M. Street, N.W., Suite 400, Washington D.C.

### FACTUAL BACKGROUND

        4.    For approximately thirty-five (35) years, Plaintiff has led a highly successful career in the national and international hospitality and leisure industry (the "Industry").

5.    Non-Party Lancaster Holding Pte. Ltd. ("Lancaster") is a holding company of a multinational group of companies based in Kazakhstan, which sought to undertake several hotel development projects around the world.

6.    Having little to no experience in the Industry, Lancaster recognized the need to have the assistance of a highly qualified and experienced professional to aid in the potential hotel development project in Kazakhstan.

7.    Recognizing his well-established expertise, reputation and success in the Industry, Lancaster concluded that it was in its best interest to enter into an agreement with Plaintiff to develop projects involving international hotel and luxury residences.

8.    At the time, Lancaster and Lancaster Group PTE LTD.("Lancaster Group") had falsely represented to Plaintiff that they were holding at least $100,000,000.00 in equity which would be used to invest in these international endeavors.

9.    By contract dated January 13, 2007, (the "Agreement") Plaintiff and the Hospitality Investors Group LLC ("HIG") (a limited liability company of which Plaintiff is the sole member) memorialized their Agreement with Lancaster Group, whereby Plaintiff, HIG and Lancaster Group formed a new company called Lancaster Hospitality Investors Group PTE. LTD. ("Lancaster Hospitality") for the purpose of developing international hotel and luxury residence projects.

10.    Pursuant to the Agreement, Plaintiff was appointed President and Chief Executive Officer of Lancaster Hospitality.

11.    Under Plaintiff's direction, Lancaster Hospitality soon became involved in numerous hotel and luxury residence projects in various parts of the world including the original project, the execution of a Management Agreement with the Four Seasons Hotel and development of a Four Seasons Hotel in Kazakhstan.

2

12.   Thereafter, Alatau Hospitality Limited ("Alatau") was incorporated under the laws of Cyprus to act as a conduit through which payments would be made on behalf of Lancaster Hospitality with respect to its international projects.

13.   Plaintiff was appointed Chief Executive Officer of Alatau.

14.   Thereafter, for reasons primarily based on Lancaster's and Lancaster Group's failure and/or refusal to provide the capital which Lancaster Group was required under the Agreement to provide, the development projects became increasingly tenuous and they finally became unviable.

15.   Among other breaches of the Agreement, Lancaster Group failed and/or refused to honor its contractual obligation to pay Plaintiff's compensation in the amount of $2,500,000.00 in equal monthly installments over a two-year period.

16.   Similarly, Lancaster Group has failed to acknowledge and account for Plaintiff's fifteen percent (15%) interest in Lancaster Hospitality.

## DEFENDANT'S LIBEL

17.   Upon information and belief, Lancaster retained Kellogg Huber to represent it in connection with certain invoices received by Alatau from various vendors and other service providers.

18.   On or about March 20, 2009, Figel sent a letter, on behalf of Kellogg Huber and on Kellogg Huber letterhead ("the Letter") to Richard A. Warnick ("Warnick"), a long-time business associate of Plaintiff, who had previously provided services to Lancaster Hospitality. A copy of the Letter is annexed hereto as Exhibit "A."

19.   Plaintiff had enjoyed a long-standing business relationship with Warnick.

3

20.   Warnick is well-known and well-connected in the Industry and he regularly and routinely communicates with other professionals in the Industry, with whom Plaintiff is also routinely and regularly conducting business.

21.   In pertinent part, the Letter reads as follows:

As you are undoubtedly aware, Mr. Orenstein's association with the Lancaster Entities has been terminated upon the discovery of his apparent embezzlement and misappropriation of millions of dollars...The Lancaster Entities are currently in the process of investigating the extent of Mr. Orenstein's fraud and his *ultra vires* activities."

22.   The Letter is false and libelous.

23.   The Letter defamed Plaintiff both personally and professionally.

24.   The letter asserted as fact that Plaintiff committed illegal acts.

25.   Plaintiff has been damaged, personally and professionally by Defendants' defamatory letter.

## AS AND FOR A PLAINTIFF'S CAUSE OF ACTION
### (Libel Per Se)

26.   Plaintiff repeats and reiterates the allegations set forth above in paragraphs "1" through "25" as though set forth herein at length.

27.   By falsely asserting, as if in fact, that Plaintiff had committed a crime, Figel, on behalf of the Kellogg Huber, knowingly published false and injurious statements in a letter to a third party, business associate of Plaintiff.

28.   By falsely asserting, as if fact, that Plaintiff has committed a crime and/or act involving moral turpitude, Figel, on behalf of Kellogg Huber, knowingly published false and injurious statements in a letter to a third party business associate of Plaintiff.

4

29.   By falsely asserting, as if fact, that Plaintiff has committed a crime and/or act involving moral turpitude, Figel, on behalf of Kellogg Huber, recklessly published false and injurious statements in a letter to a third party business associate of Plaintiff.

30.   By falsely asserting, as if fact, that Plaintiff has committed a crime and/or act involving moral turpitude, Figel, on behalf of Kellogg Huber, maliciously published false and injurious statements in a letter to a third party business associate of Plaintiff.

31.   The false accusations in the Letter clearly in effect and/or by design negatively impact a third parties' perception of Plaintiff's ability to conduct business in a professional and legal manner.

32.   The allegations in the Letter, written by Figel, on behalf of the Kellogg Huber, knowingly and maliciously asserted, as if fact, that that Plaintiff had committed embezzlement, had misappropriated millions of dollars, and had committed fraud.

33.   All allegations of criminal or other wrongdoing by Plaintiff are patently and demonstrably false.

34.   Given the limited number of professionals in the Industry, coupled with Warnick's extensive involvement with everyone in the Industry and Plaintiff's renown in the Industry, the reputational damage caused by the Letter is potentially devastating to Plaintiff and has already caused plaintiff to suffer professional and personal humiliation as well as damages.

35.   Plaintiff, has suffered special as well as consequential damages as a result of Defendant's libel, including damages resulting from professional and reputational disparagement.

36.   By reason of the foregoing, Plaintiff is entitled to a judgment in an amount to be determined at trial but in no event less than $2,000,000.00 for damages suffered as a result of Defendants' libelous actions.

5

WHEREFORE, Plaintiff demands judgment as follows: (i) a judgment in favor of Plaintiff and against Defendants for damages, both special and consequential, in an amount to be determined at trial but in no event less than $2,000,000.00; and (ii) awarding to Plaintiff the costs and expenses incurred in this action, including attorneys fees and expenses; and (iii) granting to Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 14, 2009

GOLDBERG WEPRIN
FINKEL GOLDSTEIN LLP

By: _____
    MATTHEW HEARLE
    Attorneys for Plaintiff
    1501 Broadway, 22nd floor
    New York, New York 10038
    (212) 221-5700

6

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900
FACSIMILE:
(202) 326-7999

March 20, 2009

***By Facsimile and Overnight Mail***

Richard A. Warnick
Warnick & Company, LLC
2398 East Camelback Road, Suite 1150
Phoenix, AZ 85016-9018

      Re:    Alatau Hospitality Ltd.

Dear Mr. Warnick:

      We have been retained to represent Alatau Holding Ltd. ("Alatau") and Lancaster Holdings ("Lancaster Holdings") (collectively the "Lancaster Entities") in connection with the matter raised in a series of invoices to Alatau Hospitality Ltd. ("Alatau Hospitality"). Therein, you seek payment related to various services that you indicate were performed by Warnick & Company, LLC ("Warnick") during the period from January through July 2008, as well as interest on outstanding balances.

      The principals of the Lancaster Entities have received your invoices, but are not familiar with the facts and circumstances surrounding the work that was performed by Warnick. The minimal descriptions that appear in the invoices shed little light on the substance of the work for which Warnick has billed Alatau, and seem to consist largely of telephone conversations and meetings with Mr. Frank Orenstein. The principals of the Lancaster Entities are unaware of the specific instructions that were given to Warnick, are not familiar with any of the work that Warnick allegedly performed, and do not possess any work product that Warnick should have generated. As such, they are not currently in a position to evaluate your request for payment.

      As you are undoubtedly aware, Mr. Orenstein's association with the Lancaster Entities has been terminated upon the discovery of his apparent embezzlement and misappropriation of millions of dollars. As such, Warnick should have no further contact with Mr. Orenstein or any of his agents concerning Warnick's prior work for Alatau Hospitality or any of its affiliated entities.

      The Lancaster Entities are currently in the process of investigating the extent of Mr. Orenstein's fraud and his *ultra vires* activities. In furtherance of that investigation, and in order to address your request for payment, please provide us with copies of: (i) all instructions to

Richard A. Warnick
March 20, 2009
Page 2

Warnick for the performance of consulting services; (ii) all communications between Warnick
and Alatau Hospitality or any of its affiliates, including but not limited to all communications
with Mr. Orenstein; and (iii) all work product generated by Warnick in connection with the
consulting services that it performed.

Once the Lancaster Entities have had the opportunity to review all of the foregoing, they
will be in a position to respond to Warnick's request for payment. We look forward to working
with you to resolve this matter, and request that in the future you direct all correspondence to our
firm.

Sincerely yours,

Reid M. Figel
*Counsel to the Lancaster Entities*

cc:    Yuriy Pak (by email)
       Nurlan Kapparov (by email)